UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT MICHIGAN
NORTHERN DIVISION

DEVRA BYRON,
    Plaintiff,           Case No.
                                 Hon.

ST. MARYS MEDICAL CENTER,
    Defendant.
_____/

THE MASTROMARCO FIRM
VICTOR J. MASTROMARCO, JR. (P34564)
MANDA L. DANIELESKI (P62597)
Attorney for Plaintiff
1024 N. Michigan
Saginaw, Michigan  48602
(989) 752-1414
vmastromar@aol.com
westervm@gmail.com
_____/

There is no other pending or resolved civil action arising out
of same transaction or occurrence in the Complaint, either
previously filed or dismissed.

**COMPLAINT, DEMAND FOR JURY TRIAL AND PRE-TRIAL CONFERENCE**

        NOW COMES the Plaintiff, DEVRA BYRON, by and through her attorneys, THE MASTROMARCO FIRM, and hereby complains against Defendant stating more fully as follows:

## COMMON ALLEGATIONS

1. That at all times material hereto the Plaintiff, DEVRA BYRON, is a resident of the County of Saginaw, State of Michigan

2. That at all time material hereto Defendant, ST. MARYS MEDICAL CENTER is non profit hospital doing business located in the County of Saginaw, State of Michigan.

3. That this Court has original jurisdiction pursuant to 28 USC § 1331 over Plaintiffs federal claims brought pursuant to the Family Medical Leave Act.

4. That the amount in controversy exceeds the sum of $75,000.00 (SEVENTY FIVE THOUSAND DOLLARS) exclusive of costs, interest and attorney fees.

5. That at all times material hereto Defendant, St. Mary's Medical Center, was the Plaintiffs employer and as such is subject to the requirements of the Family Medical Leave Act (herein after FMLA) other wise found at 29 USC § 2612 *et seq*.

6. That at all times material hereto, Plaintiff was employed by St. Mary's Medical Center and as such is an employer as defined by the FMLA.

7. That Plaintiff was a Cardiac Tech/EKG and worked for the Defendant for 15 years.

8. That on May 11, 2010 Plaintiff unexpectedly and emergently came down with a virus of the pancreas causing her to treat in the ER of the Defendant Hospital and cause her to miss a day of work.

9. That Plaintiff informed her supervisor Bridget Case and informed her of the serious medical condition and the need for FMLA leave. Plaintiff also informed Janet Clayton, Ms. Case's boss of the foregoing.

10. Plaintiff provided documents to the Defendant proving her entitlement to FMLA leave.

11. That notwithstanding the above, Plaintiff was fired on May 13, 2010 in violation of the FMLA.

12. That Plaintiff was terminated on May 13, 2010 for reasons that were wholly pretextual in nature.

13. That Plaintiff's Defendant, via Paula Coffee and Kevin Flynn advised her that she was being terminated for being absent in excess of 9 days which would purportedly be a violation of St. Mary's policy.

14. That however, Plaintiff had not accumulated 9 absences and at least one of the absences she did accumulate was covered by the Family and Medical Leave Act.

15. That Plaintiff was eligible for FMLA leave because of the serious emergent medical condition caused by the virus of the pancreas.

16. That Defendant falsely claimed that Plaintiff was not eligible for leave.

17. That in fact, Plaintiff applied for FMLA and provided a Certification of Health Care Provider to Defendant on June 6, 2008 establishing her eligibility for leave.

18. That Plaintiff performed in a satisfactory/above satisfactory at all times material hereto.

## **COUNT I-VIOLATIONS OF THE FAMILY MEDICAL LEAVE ACT**

19. That the Plaintiff hereby incorporates by reference hereto, paragraphs 1 through 18 of her common allegations word for word and paragraph by paragraph as if restated herein.

20. That the Family Medical Leave Act allows an employee to take a total of 12 work weeks of leave during any 12 month period because of a serious health condition that makes the employee unable to perform the functions of the position of such employee. 29 USC § 2612 (a)(1)(D).

21. That an employee who takes leave under § 2612 of the FMLA is entitled to be restored by the employer to her position of employment held by the employee when the leave commenced.  29 USC § 2614 (a)(1)(A).

22. That as stated previously, Plaintiff was eligible for FMLA leave as set forth above and her termination was unlawful.

23. That the Defendant did interfere with her rights under the Family Medical Leave Act and also retaliated against her for requesting FMLA leave.

24. That Defendant's unlawful action in violation of the FMLA caused the Plaintiff to lose her job, back pay, future pay, future raises, and all of the benefits provided and forced her into unemployment which has caused her mental anguish and severe disruption of her lifestyle.

25. That therefore the Plaintiff prays that this honorable Court enter judgment in her favor in an amount in excess of SEVENTY-FIVE THOUSAND and NO/100

DOLLARS ($75,000.00) to compensate her for all economic losses and all non-economic losses and all attorney fees awardable under statute.

26. That Plaintiff further seeks reinstatement to her position which was a relief provided by the FMLA.

WHEREFORE, the Plaintiff, DEVRA BYRON, hereby requests that this Honorable Court grant her an award of an amount in excess of SEVENTY-FIVE THOUSAND and NO/100 DOLLARS ($75,000.00) to fully compensate her for all her economic and non-economic damages, which she has sustained as a direct and proximate result of Defendant's wrongful actions. That Plaintiff likewise seeks recovery for her actual attorney fees and costs. The Plaintiff likewise seeks whatever equitable relief the Court deems just.

Respectfully Submitted:

THE MASTROMARCO FIRM

Dated: August 8, 2011   By:   *s/Victor J. Mastromarco, Jr.*
VICTOR J. MASTROMARCO, JR. (P34564)
MANDA L. DANIELESKI (P62597)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, MI  48602
(989) 752-1414
vmastromar@aol.com
westervm@gmail.com

## **DEMAND FOR TRIAL BY JURY**

NOW COMES Plaintiff, DEVRA BYRON, by and through her attorneys, THE MASTROMARCO FIRM, and hereby demands trial by jury of all issues in this cause unless expressly waived.

Respectfully Submitted:

THE MASTROMARCO FIRM

Dated: August 8, 2011    By:    *s/Victor J. Mastromarco, Jr.*
VICTOR J. MASTROMARCO, JR. (P34564)
MANDA L. DANIELESKI (P62597)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, MI  48602
(989) 752-1414
vmastromar@aol.com
westervm@gmail.com

## **DEMAND FOR PRE-TRIAL CONFERENCE**

NOW COMES the Plaintiff, DEVRA BYRON, by and through her attorneys, THE MASTROMARCO FIRM, and hereby demands a Pre-Trial Conference pursuant to the Federal Court Rules.

                                     Respectfully Submitted:

                                     THE MASTROMARCO FIRM

Dated: August 8, 2011      By:    *s/Victor J. Mastromarco, Jr.*
                                               VICTOR J. MASTROMARCO, JR. (P34564)
                                               MANDA L. DANIELESKI (P62597)
                                               Attorneys for Plaintiff
                                               1024 N. Michigan Avenue
                                               Saginaw, MI 48602
                                               (989) 752-1414
                                               vmastromar@aol.com
                                               westervm@gmail.com