UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEVRA BYRON,

       Plaintiff,                         Case No. 11-13445
                                               Honorable Thomas L. Ludington

v.

ST. MARY'S MEDICAL CENTER,

       Defendant.
_____/

**ORDER DIRECTING SUPPLEMENTAL BRIEFING**

Plaintiff Devra Byron was terminated from her employment with Defendant St. Mary's Medical Center when she missed work on May 11, 2009. The central issues of the case are whether Plaintiff was entitled to Family Medical Leave Act (FMLA) leave for that date and whether she put Defendant on notice of her intent to take that leave. If not, the absence was her ninth in a rolling twelve-month period, and her termination was justified.

Plaintiff has brought suit against Defendant under two theories: that Defendant interfered with her right to take FMLA leave under 29 U.S.C. § 2615(a); and that Defendant retaliated against her for taking FMLA leave under § 2615(b). *See Arban v. West Pub. Co.*, 345 F.3d 390, 400–01 (6th Cir. 2003).

To prevail on her interference claim, Plaintiff must prove that: (1) she was an eligible employee; (2) the defendant was an employer defined under the FMLA; (3) she was entitled to leave under the FMLA; (4) she gave the employer notice of her intention to take leave; and (5) the employer denied Plaintiff FMLA benefits to which she was entitled. *Edgar v. JAC Products, Inc.*, 443 F.3d 501, 507 (6th Cir. 2006). Defendant's intent, including its belief that it was

justified in terminating Plaintiff's employment under its absenteeism policy, is not a relevant part of the interference theory. *Id*.

Under the retaliation theory, which Plaintiff has not abandoned, Defendant's motive *is* an integral part of the analysis. *Id*. at 508. The employer's motive is relevant because "retaliation claims impose liability on employers that act against employees specifically *because* those employees invoked their FMLA rights." *Id*. (emphasis in original). The familiar burden-shifting test articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), applies to retaliation claims under the FMLA. *Edgar*, 443 F.3d at 508. Plaintiff can make out a prima facie case of retaliation by showing that (1) she availed herself of a protected right under the FMLA by notifying Defendant of her intent to take leave; (2) she suffered an adverse employment action; and (3) there was a causal connection between the exercise of rights under the FMLA and the adverse employment action. *Id*. *See also Skrjanc v. Great Lakes Power Serv. Co.*, 272 F.3d 309, 313–16 (6th Cir. 2001). If Plaintiff satisfies these three requirements, the burden shifts to the employer to proffer a legitimate, nondiscriminatory rationale for discharging her. *Edgar*, 443 F.3d at 508; *Skrjanc*, 272 F.3d at 315.

There are numerous Motions *in Limine* currently pending before the Court. In order to properly address these issues, supplemental briefing on the parties' factual and legal positions is necessary. Accordingly, the parties will each deliver five pages outlining their factual positions, and how the law applies.

It is **ORDERED** that Plaintiff is **DIRECTED** to file supplemental briefing as outlined above, no longer than five pages, no later than **November 9, 2012**.

- 3 -

It is further **ORDERED** that Defendant is also **DIRECTED** to file supplemental briefing, no longer than five pages, no later than **November 19, 2012**.

s/Thomas L. Ludington<br>THOMAS L. LUDINGTON<br>United States District Judge

Dated: November 1, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 1, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS