UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEVRA BYRON,

      Plaintiff,                                  Case No. 11-13445
                                                    Honorable Thomas L. Ludington

v.

ST. MARY'S MEDICAL CENTER,
ST. MARY'S OF MICHIGAN – MEDICAL
CENTER,

      Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO MARK EXHIBITS,
DIRECTING SUPPLEMENTAL BRIEFING, AND SCHEDULING CONFERENCE**

A trial was conducted concerning Devra Byron's allegations that St. Mary's of Michigan – Medical Center (St. Mary's) terminated her employment in violation of the Family Medical Leave Act (FMLA). On June 7, 2013, the jury returned a verdict in Byron's favor and awarded almost $400,000 in damages. Ten days later, St. Mary's filed a motion to apply a set-off and reduce the jury's verdict to present value, as well as a motion to mark Dr. John Johnson's deposition as a trial exhibit. *See* ECF Nos. 54, 55. Byron responded to the two motions on July 1, 2013. She does not offer any substantive reason why St. Mary's requests should be denied. Instead, she indicates that the two motions should be denied, in large part, because they do not comply with Local Rule 7.1. *See* Pl.'s Resp. Mark 2 (noting that St. Mary's motion is not supported by a brief), ECF No. 56; Pl.'s Resp. Apply 2, 4 (same), ECF No. 57.

On July 15, 2013 the Court conducted a telephonic status conference with the parties to discuss the pending motions, as well as the entry of judgment and St. Mary's anticipated motion for judgment as a matter of law. Liquidated damages and attorney's fees were also discussed.

St. Mary's motion to mark Dr. Johnson's deposition as a trial exhibit will be granted. During the week of trial, Byron and her attorneys indicated they wished to depose Dr. John

Johnson, Byron's primary care physician. The deposition was obtained on June 4, 2013 (during the evening following the first day of trial). *See* Def.'s Mot. Mark 2, ECF No. 55. The Court then directed counsel for both St. Mary's and Byron to submit a list of objections concerning the deposition, and the Court reviewed the listed objections and made rulings concerning the same. *See* Def.'s Mot. Mark Ex. 4. However, as counsel for St. Mary's correctly notes, "[d]uring the presentation and reading of the deposition, the objections were not read into the record and . . . were not taken down by the court reporter[.]" Def.'s Mot. Mark. 2. In order to preserve the objections in the event of an appeal, Dr. Johnson's deposition, counsel's listed objections, and the Court's corresponding rulings will be marked as the following: Dr. Johnson's Deposition—Trial Exhibit U; Byron's Objections—Trial Exhibit V; St. Mary's Objections—Trial Exhibit W; the Court's Rulings—Trial Exhibit X.

St. Mary's will also be directed to file a supplemental brief supporting its motion for set-off and reduction to present value. The brief must include St. Mary's calculations for the set-off to be applied, as well as the calculations for reducing the jury award to reflect present value. Byron will then be given one week's time to respond.

During the July 15 telephonic conference, the Court also directed counsel for St. Mary's to determine how long it will take to procure the transcripts from trial, and to then begin that process. This was done because St. Mary's moved for a directed verdict at the end of Byron's case-in-chief, but the motion was taken under advisement and the case was submitted to the jury. St. Mary's has indicated its intention to renew the motion pursuant to Federal Rule of Civil Procedure 50(b). Accordingly, the Court's preference is to decide the motions based on the particular language from the trial. Counsel for St. Mary's is to communicate by email to the Court and Byron's counsel when he has discovered how long preparation of the transcripts will

require. On another issue, and simply to memorialize the fact, Byron's counsel indicated he would be filing a motion for attorney's fees, costs, and other expenses as well as a motion for liquidated damages on July 16, 2013.

Finally, an in-chambers conference will be set in August 2013 to assess the progress of the case at that time and to facilitate resolution of the outstanding issues.

Accordingly, it is **ORDERED** that St. Mary's motion to Mark Dr. Johnson's Deposition, ECF No. 55, is **GRANTED**. The relevant documents are marked as follows:

| | |
|---|---|
| Dr. Johnson's Deposition | Trial Exhibit U |
| Byron's Objections | Trial Exhibit V |
| St. Mary's Objections | Trial Exhibit W |
| Court Rulings | Trial Exhibit X |

It is further **ORDERED** that St. Mary's is **DIRECTED** to file a supplemental brief indicating its calculations for the applicable set-off amount as well as how the jury award should be reduced to reflect present value. The brief will be due no later than **July 26, 2013**.

It is further **ORDERED** that Bryon is **DIRECTED** to respond to the supplemental brief filed by St. Mary's by **August 2, 2013**.

It is further **ORDERED** that counsel is **DIRECTED** to attend an in-chambers conference on **August 14, 2013** at **3:00 p.m.**

Dated: July 18, 2013                                    s/Thomas L. Ludington
                                                        THOMAS L. LUDINGTON
                                                        United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 18, 2013.

s/Tracy A. Jacobs
TRACY A. JACOBS