UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEVRA BYRON,

       Plaintiff,                      Case No. 11-13445
                                               Honorable Thomas L. Ludington

v.

ST. MARY'S MEDICAL CENTER,
ST. MARY'S OF MICHIGAN – MEDICAL
CENTER,

       Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO
APPLY SET-OFF AND REDUCE VERDICT TO PRESENT VALUE, AND DECLINING
TO ALLOW PREJUDGMENT INTEREST ON FUTURE DAMAGES AWARD**

Devra Byron filed a complaint against St. Mary's of Michigan – Medical Center (St. Mary's) alleging that it terminated her employment in violation of the Family Medical Leave Act (FMLA). A trial was conducted concerning Byron's claims in June 2013, and on June 7, the jury returned a verdict in her favor and awarded $423,460[1] in damages. Ten days later, St. Mary's filed a motion to apply a set-off and reduce the jury's verdict to present value, as well as a motion to mark Dr. John Johnson's deposition as a trial exhibit. *See* ECF Nos. 54, 55. Byron responded to the two motions on July 1, 2013, but she did not offer any substantive reason why St. Mary's requests should be denied. Instead, she indicated that the two motions should be denied, in large part, because they did not comply with Local Rule 7.1. *See* Pl.'s Resp. Mark 2 (noting that St. Mary's motion is not supported by a brief), ECF No. 56; Pl.'s Resp. Apply 2, 4 (same), ECF No. 57.

---

[1] This amount was comprised of $102,034 in past damages and $321,426 in future damages. *See* Verdict Form 1–2, ECF No. 52.

After a July 15, 2013 telephonic status conference, the Court granted the motion to mark Dr. Johnson's deposition and directed St. Mary's to file a supplemental brief supporting its motion for set-off and reduction to present value.  The brief was to include St. Mary's calculations for the set-off to be applied, as well as the calculations for reducing the jury award to reflect present value.  Byron was provided one week's time to respond.  As directed, St. Mary's filed its supplemental brief on July 26, 2013.  And, also as directed, Byron filed her supplemental brief in response on August 2.

St. Mary's supplemental brief raises two distinct issues.  First, it argues that Byron's future damages "must be reduced to present value." Def.'s Supp. Br. 5, ECF No. 61 (citation and emphasis omitted).  Second, St. Mary's argues that, as a matter of law, Byron's future-damages award does not accrue prejudgment interest. *Id*. at 9.

Byron's supplemental briefing indicates that she "has no objection to Defendant's calculation and proposed reduction as set forth in Defendant's Exhibit A based upon and contingent upon prevailing case law." Pl.'s Supp. Br. 1–2, ECF No. 66.  Accordingly, that portion of St. Mary's motion, ECF No. 54, will be granted without delay, and Byron's award of future damages will be reduced from $321,426 to $242,065.72.  *See* Def.'s Supp. Br. Ex. A.

Byron does contest, however, the proposition that her future damages award does not accrue prejudgment interest.  That contention will be addressed below.

**I**

St. Mary's argues that "Byron is not entitled to pre-judgment interest on the award of front pay." Def.'s Supp. Br. 9.  It is correct, and prejudgment interest will not be awarded on any future damages Byron receives.

The FMLA provides that a violating employer shall be liable:

(A) for damages equal to-

(i) the amount of-

(I) any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation; or

(II) in a case in which wages, salary, employment benefits, or other compensation have not been denied or lost to the employee, any actual monetary losses sustained by the employee as a direct result of the violation, such as the cost of providing care, up to a sum equal to 12 weeks (or 26 weeks, in a case involving leave under section 2612(a)(3) of this title) of wages or salary for the employee;

(ii) the interest on the amount described in clause (i) calculated at the prevailing rate; and

(iii) an additional amount as liquidated damages equal to the sum of the amount described in clause (i) and the interest described in clause (ii), except that if an employer who has violated section 2615 of this title proves to the satisfaction of the court that the act or omission which violated section 2615 of this title was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation of section 2615 of this title, such court may, in the discretion of the court, reduce the amount of the liability to the amount and interest determined under clauses (i) and (ii), respectively; and

(B) for such equitable relief as may be appropriate, including employment, reinstatement, and promotion.

29 U.S.C. § 2617(a)(1). This Court "may award prejudgment interest 'at its discretion in accordance with general equitable principles.'" *Bell v. Prefix, Inc.*, 500 F. App'x 473, 474 (6th Cir. 2012) (quoting *Ford v. Uniroyal Pension Plan*, 154 F.3d 613, 616 (6th Cir. 1998)). It is unclear, however, whether this language applies to front-pay damages under the FMLA.[2]

Although guidance concerning the application of prejudgment interest to awards for future damages under the FMLA is not abundant, some district courts have provided persuasive

---

[2] Despite emphasizing that a court has discretion whether to award prejudgment interest, the court in *Bell* indicated that liability in FMLA cases "must include prejudgment interest[.]" Unfortunately, the court did not indicate whether the FMLA's mandatory prejudgment interest applies to an entire award, or only losses that existed at the time of the complaint (and thus excludes front pay). *See Bell*, 500 F. App'x at 474.

analysis. In *Jadwin v. Cnty. of Kern*, 767 F. Supp. 2d 1069 (E.D. Cal. 2011), the court indicated that only damages "lost to the present time"—those under § 2617(a)(1)(A)—are entitled to prejudgment interest. *Jadwin*, at 1092. On the other hand, an award of future damages, which "falls under § 2617(a)(1)(B) . . . could not be included in a prejudgment interest computation under § 2617(a)(1)(A)(ii)[.]" *Jadwin*, at 1092; *see also Arban v. West Pub. Corp.*, 345 F.3d 390, 405–06 (6th Cir. 2003) (concluding front-pay damages constitute equitable relief under § 2617(a)(1)(B) not damages under § 2617(a)(1)(A)). This analysis makes perfect sense given what an award of prejudgment interest is intended to accomplish: "Because prejudgment interest reflects the lost value of the use of the money awarded, pre-judgment interest on awards of future damages is not appropriate." *Gilster v. Primebank*, 884 F. Supp. 2d 811, 884 (N.D. Iowa 2012) (internal quotation marks, ellipsis, and citation omitted).

Moreover, Sixth Circuit precedent supports such a conclusion. In *Advanced Accessory Sys., LLC v. Gibbs*, 71 F. App'x 454 (6th Cir. 2003), the Sixth Circuit indicated that it was "troubled by the awarding of prejudgment interest on future damages," but was nevertheless bound by Michigan law in the case because jurisdiction was predicated upon diversity. *Id.* at 462. This Court is not similarly limited. Byron's claims come under the FMLA, not Michigan law. So the parties' arguments based on the application of Michigan law are simply misguided.[3] An award of prejudgment interest is intended to compensate for "the lost value of the use of the money awarded[.]" *Gilster*, 884 F. Supp. 2d at 884. Thus, because future damages are those that have yet to accrue, the Sixth Circuit is "troubled by the awarding of prejudgment interest on future damages[.]" *Gibbs*, 71 F. App'x at 462. Accordingly, a recovery of prejudgment interest on Byron's future damages award is not appropriate.

---

[3] The entirety of Byron's argument is supported by citations to Mich. Comp. Laws and the Michigan Court of Appeals.

**II**

Accordingly, it is **ORDERED** that St. Mary's motion to apply set-off and reduce verdict to present value, ECF No. 54, is **GRANTED**.

It is further **ORDERED** that prejudgment interest is not available on any front-pay damages award.

Dated: August 15, 2013               s/Thomas L. Ludington
                                     THOMAS L. LUDINGTON
                                     United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 15, 2013.
                              s/Tracy A. Jacobs
                              TRACY A. JACOBS